[Cite as *State v. Kaiser*, 2016-Ohio-4890.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-47 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. TRC-1500679A |
| v. | : | |
| | : | (Criminal Appeal from |
| ELENI KAISER | : | Fairborn Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2016.

. . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. No. 0076747, Fairborn Prosecutor's Office, 510 West Main Street, Fairborn, Ohio 45324
      Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Eleni Kaiser appeals from her conviction and sentence,

following a no-contest plea, for Operating a Motor Vehicle while Under the Influence of

Alcohol. She contends that the trial court erred by overruling her motion to suppress evidence. Kaiser contends that the traffic stop was invalid, and that the stopping trooper lacked probable cause to further detain and arrest her.

{¶ 2} We conclude that the stopping trooper's observation of three separate traffic violations was sufficient to establish a basis for the traffic stop. We further conclude that the violations, combined with the trooper's observatons of Kaiser's red eyes and strong odor of alcohol, provided the trooper with probable cause to arrest Kaiser. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} Following a traffic stop, Kaiser was arrested for OMVI. She moved to suppress evidence, contending that the trooper did not have a valid reason to conduct a traffic stop, that he did not have reasonable suspicion to further detain her, that he lacked probable cause to make an arrest, and that he continued to question her after she invoked her right to an attorney. Following a hearing, the trial court overruled the motion in part, and sustained it in part. The trial court found that there was a valid basis for the traffic stop, that the trooper had reasonable suspicion to detain, and probable cause to arrest. However, the court also found that Kaiser invoked her right to counsel, and suppressed all evidence obtained after that point.

{¶ 4} Kaiser then pled no contest, was found guilty, and was sentenced accordingly. Kaiser appeals.

## II. The Trial Court Did Not Err in Overruling the Motion to Suppress Evidence Obtained as the Result of the Stop and Subsequent Arrest

{¶ 5} Kaiser's sole assignment of error states as follows:

THE TRIAL COURT ERRED IN OVERRULING IN PART THE MOTION TO SUPPRESS.

{¶ 6} Kaiser first argues that the court erred by finding that the arresting trooper had a valid basis for making the traffic stop. She argues that the trooper's stated reasons for making the stop — that she had failed to drive within a continuous marked lane of traffic — was completely refuted by a videorecording admitted in evidence that showed the contrary. She next argues that even if the traffic stop was valid, the trooper had no reasonable suspicion to detain her further, and that he lacked probable cause to subsequently arrest her.

{¶ 7} Appellate review of the overruling of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003–Ohio–5372, 797 N.E.2d 71, ¶ 8. The trial court, as the trier of fact, determines the credibility of the witnesses and weighs the evidence presented at the hearing. *Id.* When reviewing the ruling of a trial court on a suppression issue, an appellate court must accept the findings of fact made by the trial court if they are supported by competent, credible evidence. *Id.* However, the reviewing court must independently determine whether the facts meet the appropriate legal standard. *Id.*

{¶ 8} The trial court conducted a hearing on the motion to suppress, and heard testimony from the arresting trooper. The trooper testified that he was on patrol at 2:17 a.m., when he noticed a car following a truck too closely for the speed the vehicles were traveling. He testified that the car was traveling one to one and a half car lengths behind the truck at a speed of 60 to 65 miles per hour. He observed this for several seconds,

when the car made a lane change into the right lane. According to the trooper, he twice observed the car drive out of the lane and cross the solid line on the right side of the road. He then initiated a traffic stop. During the hearing, the cruiser videorecording of the incident was played for the trial court.

{¶ 9} At the hearing, the trooper further testified that he asked Kaiser for her license and registration. He testified that she did not have a license, but gave him an Ohio ID card. He further testified that she fumbled with papers in her lap, and that he had to show her which one was the registration. The trooper testified that Kaiser informed him she had picked up her passenger, a friend, from a bar. He testified that he observed that Kaiser had red/glassy eyes, and that a strong odor of alcohol emanated from her.[1] He testified that he asked her to exit the vehicle, and had her sit in the front seat of the cruiser while he ran her information through the cruiser computer. The trooper then found that she was under a license suspension. He testified that he asked her to perform a field sobriety test, when she began to cry, and asked for her attorney. The trooper then offered to let her take a breath test, which she declined. He testified that he then placed her under arrest.

{¶ 10} At the conclusion of the hearing, the trial court noted that the video "does not very well depict, quite frankly, distances [or] whether the vehicle is over [the line] by a tire width because this Court is unable to figure that out from looking at the video." Tr. p. 56. But the trial court specifically stated that it relied upon the trooper's testimony regarding the traffic violations, and that it found his testimony credible. The trial court

---

[1] Kaiser contends that the trooper was unable to be sure that the smell of alcohol came from her and not her passenger. However, the trooper tesitifed that he detected the smell of alcohol on Kaiser even after he asked her to exit the vehicle.

found that the trooper observed a traffic violation, and the trooper made a valid stop.

{¶ 11} Kaiser is correct in her assertion that the cruiser videorecording does not clearly depict the violation of following too closely or crossing the right-lane marker; a fact acknowledged by the trial court. However, from our review of the videorecording, we cannot say that the trial court erred. The trooper's testimony, which the trial court found credible, sufficiently established that he observed Kaiser follow too closely and fail to drive within her lane of traffic. This testimony, which is not clearly refuted by the videorecording, was enough to establish that the trooper observed a traffic violation; hence, there was a valid basis for the traffic stop. The trial court, as trier of fact, believed the trooper. We have no basis for overturning this factual finding. Thus, we find no abuse of discretion in the trial court's decision to overrule the motion to suppress on this basis.

{¶ 12} The trial court further found that the trooper's observations that Kaiser had red/glassy eyes, a strong odor of alcohol, and was unable to find the registration, taken together with the traffic violations, created probable cause to effect an arrest. We acknowledge that the trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, we must accept the court's findings of fact if they are supported by competent, credible evidence. We find nothing in this record to contradict the trial court's findings. Thus, we conclude that the trial court did not abuse its discretion by overruling the motion to suppress with regard to the arrest. The totality of the circumstances, which included the early morning hour, Kaiser's having just left a bar, her failure to submit to field sobriety tests or a field breath-alcohol test, combined with the trooper's personal observation of her, gave the trooper probable cause to arrest Kaiser, for OMVI, for driving under a suspension, or for both offenses.

{¶ 13} The sole assignment of error is overruled.

### III. Conclusion

{¶ 14} Kaiser's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and HALL, J., concur.

Copies mailed to:

Betsy A. Deeds
Jay A. Adams
Hon. Beth W. Root